UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6220 CIV-MOORE/O'SULLIVAN

BANCO INTERNACIONAL, S.A., a
foreign corporation,

    Plaintiff,

v.

THE BANK OF NEW YORK, a New York
corporation,

    Defendant.
_____/



## MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, and 28 U.S.C. § 1404(a), defendant, The Bank of New York ("BNY"), moves to dismiss this action for lack of personal jurisdiction, or in the alternative, to transfer this action to the United States District Court for the Southern District of New York. The grounds for this motion are set forth in the following memorandum of law.

### MEMORANDUM OF LAW

**I.  Facts**

The plaintiff Banco Internacional, S.A. ("Banco") is a Guatemalan Bank with its principal place of business in Guatemala City, Guatemala. (Compl. ¶ 2.) Banco admits that BNY is a New York Bank, and merely alleges two arguably jurisdictional facts: that BNY is "authorized to conduct and conducts business" in the State of Florida. *Id.* ¶ 3. The remainder of the complaint

NON-COMPLIANCE OF S.D. fla. L.R.

concerns a single business transaction over a letter of credit, which transaction took place by telegram and correspondence between BNY in New York and Banco in Guatemala. The exhibits attached to the complaint (which are incorporated therein pursuant to Fed. R. Civ. P. 10(c)), illustrate that this letter of credit has no connection to Florida. Any alleged communications concerning the letter of credit went directly from New York to Guatemala, or the visa versa. (*See* Compl. and Exs.) Simply put, Banco alleges that BNY in New York failed to reimburse Banco in Guatemala for a letter of credit that it paid in Guatemala. *Id.*

BNY is a New York bank, is a citizen of New York, and its principal place of business in New York. (Kochenthal Aff. ¶ 3) The headquarters and nerve center of the bank is at One Wall Street, New York, New York 10286, and this is where the bulk of BNY's managerial and operational activities take place. (*Id.*) While BNY has a registered agent in Florida, it maintains no offices in Florida, and conducts no banking business in Florida. (*Id.*)

Banco sued BNY in Florida for no other reason than it has a registered agent in this state. The controversy over the letter of credit, however, has no connection to this forum. Banco has thus engaged in nothing more than forum shopping. Because it has not alleged that personal jurisdiction exists, this action should be dismissed. Alternatively, the action should be transferred to the

venue of the defendant, in the Southern District of New York.

## II. The Plaintiffs Failed to Allege Personal Jurisdiction

The plaintiff has the burden to both *plead* and prove personal jurisdiction. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989); *see also Brink's Mat Ltd. v. Diamond*, 906 F.2d 1519, 1521-22 (11th Cir. 1990)(holding that authority for the exercise of personal jurisdiction may be found in either a federal statute or the long-arm statute of the state in which the federal court sits). Banco has failed its initial burden of pleading a basis for personal jurisdiction over BNY.

The Florida long-arm statute provides for both general jurisdiction and specific jurisdiction. Fla. Stat. § 48.193. Banco has not alleged general jurisdiction exists because there is no allegation of "substantial and not isolated activity." Fla. Stat. § 48.193(2). Neither being authorized to conduct business nor actually conducting business in this state is sufficient to render a foreign citizen subject to personal jurisdiction in Florida for every matter and claim. The plaintiff has not alleged any business activities, let alone substantial ones.

Conducting less than substantial business in Florida will only render a foreign citizen subject to jurisdiction in Florida if the foreign citizen is sued in connection with that business transaction. Fla. Stat. § 48.193(1)(a). Unless the cause of action arises from that business, there is no basis for

jurisdiction. *Id.* In this case, the transaction giving rise to the cause of action alleged by Banco has no connection with Florida, so Banco has not alleged specific jurisdiction.

Because Banco has not alleged that personal jurisdiction exists, the burden does not shift to BNY to refute the existence of jurisdiction by affidavit. *See Venetian Salami*, 554 So. 2d 499. BNY cannot refute that which has not been alleged. Accordingly, this action should be dismissed.

### III. This Action Should Be Transferred to the Southern District of New York

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, there are two requirements under section 1404(a): the case may only be transferred to a district in which the action could have originally been brought, and transfer must be warranted on grounds of convenience and in the interest of justice. *See Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1201 (S.D. Fla. 1987).

#### A. This Case Could Have Been Brought in the Southern District of New York

A proposed transferee court is appropriate if it has subject matter jurisdiction, venue is proper, and the defendant is amenable to service of process in that district. *See Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, (S.D. Fla. 1985).

Jurisdiction in this action is based on diversity of citizenship. (BNY's Notice of Removal.) The Southern District of New York has the same diversity jurisdiction over this matter as does this Court. Additionally, BNY would be amenable to service of process issued by a New York court since it maintains its offices and principal place of business there. (Kochenthal Aff.) Since jurisdiction here is based upon diversity of citizenship, venue is proper in a district where BNY resides or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a). BNY indisputably resides in the Southern District of New York, and the events and omissions giving rise to the cause of action alleged in the complaint occurred in that same district. No events occurred in Florida.

The other traditional factors to be considered in determining whether transfer should be made under section 1404(a) are the convenience of the parties and witnesses, relative ease of access to sources of proof, public interest considerations, and plaintiffs choice of forum. *See, e.g., Cordis Corp.*, 682 F. Supp. at 1202.

B. **Convenience of the Parties and Witnesses and Relative Ease of Access To Sources of Proof**

BNY has its principal places of business in New York. (Kochenthal Aff.) Because the communications at issue in the complaint took place between BNY at its New York offices and Banco in Guatemala, all of BNY's witnesses are located in New York, and no witnesses are located in Florida. Where a majority of the

witnesses who are expected to provide necessary and material testimony reside in the proposed transferee district, such district is a more convenient forum, both in terms of the convenience of the witnesses and the availability of process to compel their attendance. *See Jewelmasters, Inc. v. May Dep't Stores Co.*, 840 F. Supp. 893, 895 (S.D. Fla. 1993); *Cordis Corp.*, 682 F. Supp. at 1202; *Windmere Corp.*, 617 F. Supp. at 10-11.

Because BNY maintains no offices in Florida, and the business transaction at issue took place between its New York office and Banco's Guatemalan location, none of the relevant documents are located in Florida and BNY's documents are in the Southern District of New York. Where the substantial majority of the documentary evidence is located in the proposed transferee district, considerations of ease of access to these sources of proof militate in favor of transfer. *See Jewelmasters*, 840 F. Supp. at 896; *Windmere Corp.*, 617 F. Supp. at 11.

C. **Interests of Justice**

Banco has engaged in blatant forum shopping. Neither it nor BNY are located in Florida, and the cause of action has nothing to do with this forum. While Banco may have chosen this forum, where the cause of action did not arise within the forum chosen by the Plaintiff, the choice of forum has "minimum value." *Chicago, Rock Island & Pac. R.R. v. Igoe*, 220 F.2d 299 (7th Cir. 1955); *see also Windmere Corp.*, 617 F. Supp. at 10. The interests of justice

militate in favor of transferring this cause of action to the only United States district in which either of the parties reside and the only district in which the events at issue occurred: the Southern District of New York.

IV. Conclusion

Banco has failed to allege a basis for personal jurisdiction, and therefore BNY respectfully requests that this Court dismiss the complaint. Alternatively, none of the parties reside in this jurisdiction, none of the witnesses or documents are located here, and none of the events at issue in the complaint occurred here, therefore, BNY respectfully requests that this action be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

                                      Respectfully submitted,

                                      COLL DAVIDSON SMITH
                                       SALTER & BARKETT, P.A.
                                      Counsel for Defendant
                                      3200 Miami Center
                                      201 South Biscayne Boulevard
                                      Miami, Florida 33131-2312
                                      PH: (305) 373-5200
                                      FAX: (305) 374-7296
                                      E-Mail: attys@cdclaw.com

                            By: _____
                                      Vance E. Salter
                                      Fla. Bar No. 232981
                                      Christopher N. Johnson
                                      Fla. Bar No. 0069329

## ERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 14th day of February 1999 to Miguel A. Martin, Esq., Renee Adwar, Esq., M.A. Martin & Associates, P.A., counsel for plaintiff, 848 Brickell Avenue, Suite 830, Miami, Florida 33131.

By: _____
Vance E. Salter

213321

COLL DAVIDSON SMITH SALTER & BARKETT • PROFESSIONAL ASSOCIATION • ATTORNEYS AT LAW • (305) 373-5200