## MEMORANDUM OF LAW

### I. FACTS

The factual background presented by Defendant, The Bank of New York ("BNY"), is both misleading and incomplete. BNY has been and is currently registered with the Florida Department of State, Division of Corporations, to conduct business in the State of Florida. Furthermore, BNY has a registered agent in Plantation, Broward County, Florida for service of process. (Please see Composite Exhibit 1, attached hereto).

As part of Composite Exhibit 3, to Plaintiff's Complaint, there is a document, which is attached hereto for reference as Exhibit 2, wherein the port of discharge for the subject transaction at issue is indicated as Miami, Florida. Therefore, there is a connection with Florida and the subject Letter of Credit.

Additionally, BNY has consistently utilized the courts of this State in both Dade and Broward County, Florida, for their own interests. BNY has recorded substantial amounts of mortgages and judgments in both Dade and Broward Counties. BNY has filed lawsuits in both Dade and Broward Counties as recent as last week. Actually, just in Dade County alone, from June 1999 through the middle of February 2000, there were over 100 cases filed by BNY. The nature of most of the cases recently filed by BNY are mortgage foreclosures, certainly part of their banking business. Obviously BNY has found the courts of both Broward and Dade County to be most convenient for their purposes. (Please see attached hereto Composite

Exhibit 3 obtained from the Clerk of the Courts from Dade and Broward County).

BNY is subject to in personam jurisdiction within this judicial district. Banco originally filed this action in Broward County Circuit Court, due to the location of BNY's registered agent. This case, now that it has been removed, should remain within the Southern District of Florida, not the Southern District of New York.

BNY, although a New York Corporation, has qualified under Florida law to transact business in Florida and pursuant to Florida law has appointed a registered agent for service of process. Therefore, once the designated registered agent of BNY was served in personam jurisdiction was properly conferred upon the Court.

There is no justifiable reason, legal or factual, to transfer this cause to the Southern District of New York. Banco properly brought this action in the county where BNY had an agent for service of process. Therefore, the forum selected by Banco should not be disturbed.

**SUPPORTING MEMORANDUM OF LAW**

Under Fla. Stat. §48.091, when a foreign corporation qualifies to transact business in this State, it must appoint a resident agent upon whom process may be served. Fla. Stat. §48.081(3) provides that process may be served on a foreign corporation by serving such resident agent. In the case of *Junction Bit & Tool Co., v. Institutional Mortgage Company,* 240

3

So.2d 879,881 (Fla. 4th DCA 1970) the court was presented with the following question:

> Whether service of a summons on such an agent under the authority of Fla. Stat. §48.081(3) confers on the court in personam jurisdiction over the foreign corporation without a showing that the cause of action against the corporation arose out of its activities in the State of Florida?

The Court answered the question in the affirmative.

Furthermore, the Court in *Junction Bit* reasoned that the due process clause of the Fourteenth Amendment to the United States Constitution was satisfied; to wit:

> The very nature of the agency makes it reasonable to conclude that service on the agent will adequately notify the corporation of the suit and provide it with an opportunity to defend. *Id* at 882

As for the issue of minimum contacts the Court stated:

> We believe, however, that such minimum contacts would seem patently established where, as here, the foreign corporation has actually qualified under Florida Law to transact business in this State and has appointed a resident agent for service of process as required by Fla. Stat. §48.091. *Id* at 882

4

In *Dombroff v. Eagle-Picher Industries, Inc.*, 450 So.2d 923 (Fla. 3d DCA 1984), the Third District Court of Appeals (citing to *Junction Bit*) held that the trial court acquired personal jurisdiction over the defendant corporation herein under Fla.Stat. §48.081(3), since the corporation was qualified to do business in Florida and the corporation's designated registered agent was served in Dade County. The Court further held that this result was not altered because the cause of action did not arise from business activities conducted in Florida, but, rather from the corporation's activities in Maryland prior to the designation of the resident agent in Florida. See also *Rose's Stores v. Cherry*, 526 So.2d 749 (Fla.5th DCA 1988).

In the case of *Ranger Nationwide, Inc., v. Cook*, 519 So.2d 1087 (Fla. 3d DCA 1988) the Third District Court of Appeal affirmed the denial of Ranger's motion to dismiss for lack of jurisdiction and stated:

> Ranger Nationwide's contention that it may not be subject to Florida jurisdiction because the cause of action did not arise out of its activities here border on, if it does not cross, the frontier of the frivolous. It is well settled that a foreign corporation which voluntarily registers and qualifies to do business in Florida is subject to the process of our courts, no matter what the nature of the claim or its lack of so-called "connexity" with its Florida business.

5

The Court in *Rose's* cites as supporting authority *Junction Bit, Dombroff,* and *Ranger Nationwide,* all of which involve corporations qualified to do business in Florida with registered agents in Florida. By having a registered agent in the State, the minimum contacts requirement is met and connexity need not be shown. *Rose's* at 752.

Therefore, based on the holdings of these abovementioned cases, BNY by voluntarily registering and qualifying to do business in Florida and having its registered agent here in Broward County has subjected itself to the personal jurisdiction of these courts. There is no need to discuss the long arm statute. Accordingly, BNY's Motion to Dismiss for lack of personal jurisdiction should be denied.

As for the issue of venue and forum non conveniens, based on the reasons and facts previously set forth herein and additional facts and legal support set forth below, this cause should remain in the Southern District of Florida.

In Florida, the election of venue is with the plaintiff and although it may be more convenient to the Defendant and possibly to the Plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, then the election still remains his and not one which can be dictated by the defendant. *Greyhound Corporation v. Rosart,* 124 So.2d 708, 712 (Fla. 3d DCA 1960).

Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued or where the property in litigation is located. Fla.Stat. §47.051. See also *Vellanti v. Piper Aircraft Corp.*, 394 So.2d 1063 (Fla.3d DCA 1981) and *Majestic II, Enterprises, Inc., v. Butler*, 372 So.2d 548, 549 (Fla. 3d DCA 1979) ("the existence merely of an agent, for service of process... in a particular county would establish the propriety of venue in that county as to a foreign corporation").

Insofar as corporate residence is concerned, Fla.Stat. §47.051 distinguishes between Florida and foreign corporations. A Florida corporation resides where it has an office for the transaction of its customary business. A foreign corporation doing business in Florida resides where it has an agent or other representative. See *Aladdin Insurance Agency, Inc., v. Jones*, 687 So.2d 937, 939 (Fla.3d DCA 1997) and *Berdos v. Dowling*, 544 So.2d 1129 (Fla. 4th DCA 1989). (Plaintiff's venue selection should not have been disturbed, since selection was one of alternatives provided by Statute governing venue; Plaintiff brought action against foreign corporation in county where corporation had agent for service of process).

BNY, although a New York Corporation, does "reside" in Florida, for purposes of both personal jurisdiction and venue, in accordance with the Florida statutes and caselaw referenced herein. BNY has been and is

7

currently registered to do business with the Florida Department of State and in accordance with Florida law has designated a registered agent for purposes of service of process. Banco properly served BNY's registered agent in Broward County, Florida, therefore, venue was properly laid in that county.

As for the BNY's assertion that this case should be transferred to the Southern District of New York, although that may be convenient for BNY there is no legal justification to do so. Certainly, BNY has found the courts of this State convenient, as evidenced by the abundant amount of litigation instituted by BNY in both Dade and Broward County. Banco should not be forced to endure the substantial financial hardship that would be placed upon them if this matter would be transferred to New York. Banco has the benefit of an affiliated bank here in Miami, Florida, that of International Finance Bank (IFB). Additionally, the convenience of travel from Guatemala to Miami is much easier and economical than to New York.

In sum, Banco's forum selection should not be disturbed as it is in accordance with Florida law. The affidavit filed by BNY, of Robert Kochenthal, Jr., is irrelevant not to mention untruthful, by making it appear to this court in sworn testimony that BNY "conducts no banking business in Florida". This statement is contradicted by the facts set forth herein and the exhibits attached hereto.

## CONCLUSION

BNY'S Motion to Dismiss or in the Alternative to Transfer Venue should be denied in both respects. This matter should remain in the Southern District of Florida where BNY is subject to personal jurisdiction Based on the foregoing grounds, both legal and factual, BNY is subject to the personal jurisdiction of this court and the circuit court of Broward County, where the action was originally filed. The venue was proper laid in the County wherein BNY has their registered agent.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been faxed and mailed to Vance E. Salter, Esq., and Christopher N. Johnson, Esq., of Coll Davidson Smith Salter & Barkett, P.A., at 3200 Miami Center, 201 South Biscayne Boulevard, Miami, FL 33131-2312 this 23rd day of February 2000.

M.A. Martin & Associates, P.A.
Attorneys for Plaintiff
848 Brickell Avenue
Suite 830
Miami, Florida 33131
Phone (305) 374-4422
Fax   (305) 530-9956

Renee Adwar, Esq.
FBN: 903876

FILE NOW: FILING FEE AFTER MAY 1ST IS $550.00

**PROFIT CORPORATION ANNUAL REPORT 1999**

FLORIDA DEPARTMENT OF STATE
Katherine Harris
Secretary of State
Division of Corporations

**FILED May 13, 1999 8:00 am Secretary of State**

05-13-1999 90047-044 ***150.00

DOCUMENT # 852347
Corporation Name

THE BANK OF NEW YORK, INC.

Principal Place of Business
48 Wall Street
New York, NY 10286
US

Mailing Address
48 Wall Street
16TH Floor
New York
US

| | |
|---|---|
| 1. Principal Place of Business<br>ONE WALL STREET<br>Suite, Apt #, etc.<br>City & State<br>NEW YORK, NY<br>Zip 10286  Country 25 US | 2a. Mailing Address<br>26 100 Church Street - 9th FL<br>Suite, Apt #, etc.<br>27 c/o Joseph F. Leary - Corp. TAX<br>City & State<br>28 New York, NY<br>Zip 29 10286  Country 30 US |

3. Date Incorporated or Qualified: 03/24/1982
4. FEI Number: 13-5160382  [ ] Applied For  [ ] Not Applicable
5. Certificate of Status Desired: $8.75 Additional Fee Required
6. Election Campaign Financing Trust Fund Contribution: $5.00 May Be Added to Fees
8. This corporation owes the current year intangible Personal Property Tax: [ ] Yes [X] No

9. Name and Address of Current Registered Agent
CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL. 33324

10. Name and Address of New Registered Agent
81 Name
82 Street Address (P.O. Box Number is Not Acceptable)
83
84 City  FL  85 Zip Code

Pursuant to the provisions of Sections 607.0502 and 607.1508, Florida Statutes, the above-named corporation submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida. Such change was authorized by the corporation's board of directors. I hereby accept the appointment as registered agent. I am familiar with, and accept the obligations of Section 607.0505, Florida Statutes.

SIGNATURE:

| OFFICERS AND DIRECTORS | | 13 | ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS IN 12 | |
|---|---|---|---|---|
| TITLE<br>NAME<br>STREET ADDRESS<br>CITY-ST-ZIP | D<br>BACOT, J. CARTER<br>48 WALL ST., NY, NY 10286 | [ ] DELETE | 1.1 TITLE D<br>1.2 NAME BACOT, J. CARTER<br>1.3 STREET ADDRESS ONE WALL STREET<br>1.4 CITY-ST-ZIP NEW YORK, NY 10286 | [X] Change [ ] Addition |
| TITLE<br>NAME<br>STREET ADDRESS<br>CITY-ST-ZIP | CPD<br>RENYI, THOMAS A.<br>48 WALL STREET<br>NEW YORK, NY 10286 | [ ] DELETE | 2.1 TITLE CPD<br>2.2 NAME RENYI, THOMAS A.<br>2.3 STREET ADDRESS ONE WALL STREET<br>2.4 CITY-ST-ZIP NEW YORK, NY 10286 | [X] Change [ ] Addition |
| TITLE<br>NAME<br>STREET ADDRESS<br>CITY-ST-ZIP | VPCD<br>GRIFFITH, ALAN R.<br>48 WALL STREET<br>NEW YORK, NY 10286 | [ ] DELETE | 3.1 TITLE VPCD<br>3.2 NAME GRIFFITH, ALAN R.<br>3.3 STREET ADDRESS ONE WALL STREET<br>3.4 CITY-ST-ZIP NEW YORK, NY 10286 | [X] Change [ ] Addition |
| TITLE<br>NAME<br>STREET ADDRESS<br>CITY-ST-ZIP | SEV<br>PAPAGEORGE, DENO D.<br>48 WALL STREET<br>NEW YORK, NY 10286 | [ ] DELETE | 4.1 TITLE SEV<br>4.2 NAME PAPAGEORGE, DENO D.<br>4.3 STREET ADDRESS ONE WALL STREET<br>4.4 CITY-ST-ZIP NEW YORK, NY 10286 | [X] Change [ ] Addition |
| TITLE<br>NAME<br>STREET ADDRESS<br>CITY-ST-ZIP | VP<br>LEARY, JOSEPH F.<br>48 WALL STREET<br>NEW YORK, NY 10286 | [ ] DELETE | 5.1 TITLE VP<br>5.2 NAME LEARY, JOSEPH F.<br>5.3 STREET ADDRESS 100 CHURCH STREET, 9th FLOOR<br>5.4 CITY-ST-ZIP NEW YORK, NY 10286 | [X] Change [ ] Addition |
| TITLE<br>NAME<br>STREET ADDRESS<br>CITY-ST-ZIP | PD<br>RENYI, THOMAS A.<br>48 WALL STREET<br>NEW YORK, NY 10286 | [ ] DELETE | 6.1 TITLE PD<br>6.2 NAME RENYI, THOMAS A.<br>6.3 STREET ADDRESS ONE WALL STREET<br>6.4 CITY-ST-ZIP NEW YORK, NY 10286 | [X] Change [ ] Addition |

4. I hereby certify that the information supplied with this filing does not qualify for the exemption stated in Section 119.07(3)(i), Florida Statutes. I further certify that the information indicated on this annual report or supplemental annual report is true and accurate and that my signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears in Block 12 or Block 13 if changed, or on an attachment with an address, with all other like empowered.

SIGNATURE: Joseph F. Leary    4/23/99    212-437-2278
SIGNATURE AND TYPED OR PRINTED NAME OF SIGNING OFFICER OR DIRECTOR    Date    Daytime Phone #

COMPOSITE EXHIBIT 1

**FILE NOW: FILING FEE AFTER MAY 1ST IS $550.00**

| PROFIT CORPORATION ANNUAL REPORT 1998 |  | FLORIDA DEPARTMENT OF STATE<br>Sandra B. Mortham<br>Secretary of State<br>DIVISION OF CORPORATIONS | **FILED**<br>Apr 07 1998 8:00am<br>Secretary of State |

**DOCUMENT #** 852347  (4)

1. Corporation Name

**THE BANK OF NEW YORK, INC.**

Principal Place of Business:
48 WALL STREET
NEW YORK NY 10286
US

Mailing Address:
48 WALL ST
16TH FLOOR
NEW YORK NY 10286
US

DO NOT WRITE IN THIS SPACE

2. Principal Place of Business [21] Suite, Apt # etc [22] City & State [23] Zip [24] Country [25]

2a. Mailing Address [26] Suite, Apt # etc [27] City & State [28] Zip [29] Country [30]

3. Date Incorporated or Qualified: **03/24/1982**
4. FEI Number: **13-5160382** / Applied For / Not Applicable
5. Certificate of Status Desired ☐  $8.75 Additional Fee Required
6. Election Campaign Financing Trust Fund Contribution ☐  $5.00 May Be Added to Fees
8. This corporation owes or has paid the current year Intangible Personal Property Tax due June 30  ☐ Yes  ☒ No

9. Name and Address of Current Registered Agent:
CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION FL 33324

10. Name and Address of New Registered Agent:
[81] Name
[82] Street Address (P.O. Box Number is Not Acceptable)
[83]
[84] City _____ FL  [85] Zip Code

11. Pursuant to the provisions of Sections 607.0502 and 607.1508, Florida Statutes, the above named corporation submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida. Such change was authorized by the corporation's board of directors. I hereby accept the appointment as registered agent. I am familiar with, and accept the obligations of Section 607.0505, Florida Statutes.

SIGNATURE: _____ DATE _____

**12. OFFICERS AND DIRECTORS** | | | | **13. ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS IN 12** | | |
|---|---|---|---|---|---|---|
| TITLE | D | | ☐ DELETE | 1.1 TITLE | D | ☒ Change ☐ Addition |
| NAME | BARTH, RICHARD | | | 1.2 NAME | BACOT J. CARTER | |
| STREET ADDRESS | 48 WALL STREET 16TH FLOOR | | | 1.3 STREET ADDRESS | 48 WALL STREET | |
| CITY-ST-ZIP | NEW YORK NY 10286 | | | 1.4 CITY-ST-ZIP | NEW YORK NY | |
| TITLE | CD | | ☒ DELETE | 2.1 TITLE | CPD | ☒ Change ☐ Addition |
| NAME | BACOT, J CARTER | | | 2.2 NAME | RENYI, THOMAS A. | |
| STREET ADDRESS | 48 WALL STREET | | | 2.3 STREET ADDRESS | 48 WALL STREET | |
| CITY-ST-ZIP | NEW YORK NY | | | 2.4 CITY-ST-ZIP | NEW YORK, NY | |
| TITLE | VPCD | | ☐ DELETE | 3.1 TITLE | | ☐ Change ☐ Addition |
| NAME | GRIFFITH, ALAN R. | | | 3.2 NAME | | |
| STREET ADDRESS | 48 WALL STREET | | | 3.3 STREET ADDRESS | | |
| CITY-ST-ZIP | NEW YORK NY | | | 3.4 CITY-ST-ZIP | | |
| TITLE | SEV | | ☐ DELETE | 4.1 TITLE | | ☐ Change ☐ Addition |
| NAME | PAPAGEORGE, DENO D. | | | 4.2 NAME | | |
| STREET ADDRESS | 48 WALL STREET | | | 4.3 STREET ADDRESS | | |
| CITY-ST-ZIP | NEW YORK NY | | | 4.4 CITY-ST-ZIP | | |
| TITLE | VP | | ☐ DELETE | 5.1 TITLE | | ☐ Change ☐ Addition |
| NAME | LEARY, JOSEPH F | | | 5.2 NAME | | |
| STREET ADDRESS | 48 WALL STREET 16TH FLOOR | | | 5.3 STREET ADDRESS | | |
| CITY-ST-ZIP | NEW YORK NY 10286 | | | 5.4 CITY-ST-ZIP | | |
| TITLE | PD | | ☐ DELETE | 6.1 TITLE | | ☐ Change ☐ Addition |
| NAME | RENYI, THOMAS A | | | 6.2 NAME | | |
| STREET ADDRESS | 48 WALL STREET 16TH FLOOR | | | 6.3 STREET ADDRESS | | |
| CITY-ST-ZIP | NEW YORK NY 10286 | | | 6.4 CITY-ST-ZIP | | |

14. I hereby certify that the information supplied with this filing does not qualify for the exemption stated in Section 119.07(3)(i), Florida Statutes. I further certify that the information indicated on this annual report or supplemental annual report is true and accurate and that my signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears in Block 12 or Block 13, if changed, or on an attachment with an address.

**SIGNATURE:** _Joseph F. Leary_  V.P.   3/31/98   (212) 495-1881

```
19/11/99-17:24:31              LocalSwiftAcks-2715-000001                              1
_____

-  -------------------- Instance Type and Transmission ----------------  -
      Notification (Transmission) of Original sent to SWIFT (ACK)
      Network Delivery Status    : Network Ack
      Priority/Delivery          : Normal
      Message Input Reference    : 1724 991119DIBIGTGCAXXX0979007829
-  ------------------------------ Message Header ----------------------  -
      Swift Input       : FIN 799 Free Format Message
      Sender            : DIBIGTGCXXX
                          BANCO INTERNACIONAL, S.A.
                          GUATEMALA GT
      Receiver          : IRVTUS3NXXX
                          BANK OF NEW YORK
                          NEW YORK,NY US
-  ------------------------------ Message Text ------------------------  -
      20: Transaction Reference Number
          L/C 008-99
      21: Related Reference
          I00348449
      79: Narrative
          ATTN: MARIA CRUMB
              IMPORT CUSTOMER SERVICE INQUIRIES
          PLEASE BE INFORMED THAT WE HAVE NEGOTIATED
          DOCUMENTS UNDER THE A.M. L/C FOR USD237,627.21,
          AND WE HAVE EFFECTED PAYMENT AS PER YOUR
          INSTRUCTIONS ON NOVEMBER 17,1999
          WE CERTIFY THAT ALL TERMS AND CONDITIONS HAVE BEEN
          FULLY COMPLIED.
          AT YOUR REQUEST WE DETAIL SOME INFORMATION:
          CARRIER: SEA LAND SERVICES INC.
          VESSEL: MAERSK SANTO TOMAS
          VOYAGE: 972N
          QUANTITY AND MERCHANDISE DESCRIPTION:
          373 CARTON WITH APPAREL/BLANKETS/TOWELS.
          IN TWO CONTAINERS UNDER REFERENCE SEAL NO.
          201-M39332 AND SEAL NO. 201-M39333, BILL OF LADING
          NO. SEAU201818334 DATED NOVEMBER 15,1999. PORT OF
          LOADING SANTO TOMAS, GUATEMALA
          PORT OF DISCHARGE MIAMI, FL.
          DOCUMENTS SENT UNDER DHL GUIDE NR:669-3901709-9
          PLEASE CREDIT URGENTLY OUR ACCOUNT WITH YOU
          NR.890-314-2596 FOR THE AMOUNT NEGOTIATED, VALUE
          DATE NOVEMBER 17,1999, SO WE EFFECTED THE
          PAYMENT TO THE BENEFICIARY UNDER YOUR INSTRUCTIONS
          (PAYMENT AT SIGHT) IN THE ABOVE MENTIONED DATE.
          REGARDS.
-  ------------------------------ Message Trailer ---------------------  -
      {MAC:AEF39695}
      {CHK:77D664DF2F5E}
-  ------------------------------ Interventions -----------------------  -
      Category         : Network Report
      Creation Time    : 19/11/99 17:23:51
      Application      : SWIFT Interface
      Operator         : SYSTEM
      Text
      {1:F21DIBIGTGCAXXX0979007829}{4:{177:9911191724}{451:0}}
```

EXHIBIT

**APPENDIX NO. 4**

```
02/17/00  09:09                  ED KENNEDY, CLERK                CLB   C130 C1P1S01
                           *** CIVIL INQUIRY CASE SELECTION ***

    FUNCTION __
                        FILING
NO    CASE ID           DATE       PLAINTIFF                 DEFENDANT
--   ----------        --------   ----------------          --------------------
01   CACE 99 004189    03 10 99   BANK OF NEW YORK          BLANCHETTE MICHAEL
02   CACE 99 006537    04 16 99   BANK OF NEW YORK          VEGAZO JOSPEH
03   CACE 99 008498    05 17 99   BANK OF NEW YORK          OLSHOVE GREGG S
04   CRCA 75 000313    01 12 75   BANK OF NEW YORK          FINNCO DEVEL CORP
05   CRCA 97 009122    02 09 98   BANK OF NEW YORK          LEITSON JOEL A
06   CRCA 98 001943    10 12 98   BANK OF NEW YORK          GARCIA MARY LOU
07   CRCA 98 008956    09 14 98   BANK OF NEW YORK          FLYNN THOMAS PATRICK
08   CRCA 99 002266    03 25 99   BANK OF NEW YORK          GALE DOLORES
09   CRCA 99 004435    02 15 00   BANK OF NEW YORK          SHIELD MARTIN
10   CRCO 96 009192    07 03 96   BANK OF NEW YORK          LOTT MARTHA
11   CACE 00 000254    01 06 00   BANK OF NEW YORK          BRYANT VICTOR GEORGE
12   CACE 00 000255    01 06 00   BANK OF NEW YORK          DUPREE WILLIAM
13   CACE 00 000492    01 11 00   BANK OF NEW YORK          MOFORIS PANTAGIOTIS
14   CACE 00 000533    01 11 00   BANK OF NEW YORK          MOCEYUNAS JOHN A
15   CACE 00 000648    01 13 00   BANK OF NEW YORK          DIAZ HECTOR
16   CACE 00 000736    01 14 00   BANK OF NEW YORK          TAVARES RICHARD A

ENTER 01-16 OR HIT PF1
```

COMPOSITE EXHIBIT 3

```
02/17/00   09:09                    LD KENNEDY, CLERK                       CLB   C130 C1P1S01
                            *** CIVIL INQUIRY CASE SELECTION ***
     FUNCTION
                            FILING
 NO   CASE ID               DATE       PLAINTIFF                 DEFENDANT
 --   -------               ----       ---------                 ---------
 01  CACE  00  000879      01 18 00   BANK OF NEW YORK           MCDONALD MARJORIE E
 02  CACE  00  001013      01 19 00   BANK OF NEW YORK           MARIO SOPENA LTD
 03  CACE  00  001263      01 24 00   BANK OF NEW YORK           BELONGIA WILLIAM E
 04  CACE  00  001287      01 24 00   BANK OF NEW YORK           DAILEY ERNEST
 05  CACE  00  001420      01 26 00   BANK OF NEW YORK           ESPOSITO FRANK P SR
 06  CACE  00  001672      01 31 00   BANK OF NEW YORK           LALONDE DONALD
 07  CACE  00  001749      02 01 00   BANK OF NEW YORK           CHRISTIANSON MARY K
 08  CACE  00  001753      02 01 00   BANK OF NEW YORK           CHRISTENSON MARY K
 09  CACE  00  002074      02 07 00   BANK OF NEW YORK           FERRARA JACK
 10  CACE  00  002262      02 09 00   BANK OF NEW YORK           LUGO SANDRA E RAMIREZ
 11  CACE  00  002320      02 10 00   BANK OF NEW YORK           CORREA JORGE A
 12  CACE  00  002354      02 10 00   BANK OF NEW YORK           HOLMES TIWANA
 13  CACE  00  002440      02 11 00   BANK OF NEW YORK           STROY SARAH
 14  CACE  00  002442      02 11 00   BANK OF NEW YORK           RAY JACK
 15  CACE  00  002514      02 14 00   BANK OF NEW YORK           HAMMOND KATHY E
 16  CACE  00  002557      02 14 00   BANK OF NEW YORK           HILL EILEEN S

 ENTER 01-16 OR HIT PF1
```

Circuit Court of the 11th Judicial Circuit
Dade County, Florida

The Bank of New York as Trustee under the Pooling and
Servicing Agreement dated as of August 31, 1997, Series#
1997-C;
    Plaintiff(s),
vs.
Charles P. Murray ;
Nadine V. Murray;
Unknown party in possession of subject property at 3098 NW
98th St., Miami, FL 33147;
The Bank of New York, as Co-Trustee under the pooling and
servicing agreement dated as of 8/31/97, Series 1997-CIV:
    Defendant(s)._____/

Case#: 00-01038 CA 20



**NOTICE OF LIS PENDENS**

TO DEFENDANT(S):

**Charles P. Murray** , *if living, and if dead, then any unknown spouses, heirs, devisees, grantees, assignees, creditors, trustees, personal representatives, lienors, or other entities, whether natural or corporate, claiming by, through, under or against said defendant*
**Nadine V. Murray**, *if living, and if dead, then any unknown spouses, heirs, devisees, grantees, assignees, creditors, trustees, personal representatives, lienors, or other entities, whether natural or corporate, claiming by, through, under or against said defendant*
**Unknown party in possession of subject property at 3098 NW 98th St., Miami, FL 33147**, *if living, and if dead, then any unknown spouses, heirs, devisees, grantees, assignees, creditors, trustees, personal representatives, lienors, or other entities, whether natural or corporate, claiming by, through, under or against said defendant*
**The Bank of New York, as Co-Trustee under the pooling and servicing agreement dated as of 8/31/97, Series 1997-CIV**

AND ALL OTHERS WHOM IT MAY CONCERN:
YOU ARE NOTIFIED of the institution of this action by the plaintiff against you seeking to foreclose a mortgage or other statutory, equitable or contractual claim of lien on the following property in Dade County, Florida:
Lot 6, Block 11, Amended Plat of the Tropics, according to the plat thereof as recorded in Plat Book 10, Page 17, of the public records of Dade County, Florida. Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents.
INCLUDING, without limitation, any and all mobile homes upon the property which have been used as residential dwellings or otherwise become fixtures to and part of the real property.

DATED on _____.

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA.
RECORD VERIFIED
**HARVEY RUVIN**
CLERK CIRCUIT COURT

*Suzanne Barkett*
Allan C. Aksell [FB#817112]
Vicki M. Vargo [FB#818836]
Suzanne Barkett [FB#041475]
Aksell & Vargo, PA, P.O.Box 536878
Orlando, FL 32853-6878
Ph: 407.898.1088 ~ Fax: 407.898.1980
**AV#: 199902240**

OR 18398 PG 3095

98R612992 1998 DEC 19 12:25

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

Recording Requested by:
The Money Store
After Recording Mail to:
The Money Store
4837 Watt Avenue
North Highlands, CA 95660

Dated: August 15, 1998        SPACE ABOVE THIS LINE IS FOR RECORDERS USE ONLY

**CORPORATION ASSIGNMENT OF MORTGAGE/DEED OF TRUST**

For Value Received, TMS Mortgage Inc., D.B.A. The Money Store, A New Jersey Corporation, 2840 Morris Avenue, Union, NJ 07083 hereby grants and transfers to:

The Bank of New York, as Trustee under the Pooling and Servicing Agreement dated as of August 31, 1997, Series 1997-C

whose address is 20 Broad Street, LL-2, New York City, NY 10005, all beneficial interest under that certain Mortgage dated 8/29/97, in the amount of $96,300.00, executed by Charles P Murray and Nadine V Murray, his wife, Borrower, and TMS Mortgage Inc., DBA The Money Store, Lender/Trustee, and recorded as Bk. 17775, Pg., 4467, on 9/4/97, in the Official Records of the Dade County Recorder's office in the State of FL, describing the land therein as: 3098 Nw 96Th Street, Miami, FL, 33147

**AS MORE PARTICULARLY DESCRIBED IN SAID MORTGAGE**

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

TMS Mortgage Inc., D.B.A. The Money Store, A New Jersey Corporation

Linda Wheeler, Vice President

State of California
County of Sacramento

On August 15, 1998 before me, the undersigned notary public, personally appeared Linda Wheeler, Vice President, of TMS Mortgage Inc., DBA The Money Store, who reside at 4837 Watt Avenue, North Highlands, CA 95660, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by their signature on the instrument, they, or the entity upon behalf of which they acted, executed the instrument.

Witness my hand and official seal.

_____, Notary Public

Loan#: 0050416653
Borrower's Last Name: Murray
This instrument was prepared by: Noriko Oshima, (800)562-6937, 4837 Watt Ave, North Highlands, CA 95660

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE